UNITED STATES *v.* KWONG LEE CHONG CO. ET AL. (No. 3938.)[1]

United States Court of Customs and Patent Appeals, February 24, 1936

*Joseph R. Jackson,* Assistant Attorney General (*Richard E. FitzGibbon* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Lawrence & Tuttle* (*Lawrence A. Harper, Martin T. Baldwin,* and *Abraham Gottfried* of counsel) for appellees.

[Oral argument February 4, 1936, by Mr. Folks and Mr. Baldwin]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

A large number of importers, the appellees herein, made 1400 entries of rice at the ports of San Francisco and Los Angeles, Calif., Seattle, Wash., and Portland, Oreg., under the Tariff Act of 1922 and the Tariff Act of 1930. The imported rice consisted of commingled whole and broken grains, all of which had been milled. In each entry, the merchandise was classified for duty as milled rice under paragraph 727 of the act under which it was imported, a portion of which was claimed by the importers to be dutiable as broken rice under said paragraph.

Other merchandise, such as turnips and beans, was included in some of the entries, and was the subject of protest. The judgment of the trial court as to this merchandise is not questioned here, however, the sole question presented being the proper classification of the broken rice contained in the importation. All the protests were consolidated in the trial court, for the purposes of briefing, hearing and argument. It was also stipulated that the record in Suit 3936, *United States* v. *Great Pacific Co. et al.,* 23 C. C. P. A. (Customs) 319, T. D. 48192, decided concurrently herewith, should be incorporated

---

[1] T. D. 48193.

in the record herein. There was also included, by stipulation, the record made in protest 513819–G, one of the protests herein involved, when that protest was heard by the trial court at Seattle, Wash.

On the trial below, counsel also filed a stipulation, the material portion of which is as follows:

It is stipulated:

(1) As to merchandise described above as "cleaned rice" and "rice":

(a) That said merchandise is in all material respects (except as to percentage of broken kernels) the same as that covered by *Great Pacific Co.* v. *United States*, T. D. 46921, and that the record in said case, together with the testimony taken at San Francisco on November 28 and 30, 1934, in Protest 286526–G of Great Pacific Co. and Protest 513575–G of Shui Tai & Co., may be admitted in evidence.

(b) That of said merchandise 10 percent consists of broken kernels, if graded under standards of the Hongkong Chamber of Commerce, which describes a broken kernel of rice as being a half kernel or less, and 11.1 percent consists of broken kernels, if graded under United States standards, which described a broken kernel of rice as being less than three-quarters of a kernel.

(c) That as to such of said merchandise (if any) as was subjected to duty under the tariff act of 1930, 3 percent consists of broken kernels which will pass readily thru a metal sieve perforated with round holes 5½/64 of an inch in diameter.

The United States Customs Court sustained the protest, and the Government has appealed.

The issues here presented are identical with those in Suit 3936, *United States* v. *Great Pacific Co. et al.*, *supra*, except as to the proportion of broken grains. It does not, therefore, appear to be necessary to repeat what we have therein said.

The trial court held that 11.1 per centum of the importations should be taken as the broken rice content, which was the stipulated amount as graded under United States standards. This, as indicated by us in *United States* v. *Great Pacific Co. et al.*, *supra*, decided concurrently herewith, was the correct method of ascertainment. "Our tariff laws are made having consideration for the conditions in this country and not those in foreign ones." *H. Boker & Co. (Inc.)* v. *United States*, 19 C. C. P. A. (Customs) 27, T. D. 44870.

Accordingly, the judgment of the United States Customs Court is *affirmed*.